UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  Bankr. No. 22-41570 KLT

Teresa Mae Turner,

Debtor.  Chapter 7

MEMORANDUM DECISION AND ORDER

This matter came before the Court upon the Application for Review of an Attorney's Fees Arrangement (the "Application") filed by counsel to Debtor (the "Applicant"). [ECF No. 9] The Application was timely filed pursuant to an En Banc Order in the District of Minnesota.[1] The Court invited supplemental briefing [ECF Nos. 10 and 13] and conducted a hearing on November 16, 2022. Applicant filed a supplemental brief on November 29, 2022. [ECF No. 16.]

This memorandum decision is based on all the information available to the Court and constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052, made applicable to this matter by Fed. R. Bankr. P. 9014(c). This Court has both authority and an independent obligation to review fee agreements for compliance with the Bankruptcy Code. 11 U.S.C. §§ 329, 526(c); Fed. R. Bankr. P. 2016(b), 2017; In re Zapecki, 277 F.3d 1041, 1045 (8th Cir. 2002); In re Mahendra,

---

[1] Post-Pet. Attorney's Fee Arrangements in Ch. 7 Cases, In re Administrative Orders and Amendments to Local Rules and Forms, No. 21-00401 (Bankr. D. Minn. Sept. 8, 2022) (en banc), ECF No. 9, available at https://www.mnb.uscourts.gov/en-banc-standing-orders.

131 F.3d 750, 758 (8th Cir. 1997). This is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334.

For the reasons stated herein, the Application is disapproved, and the fee agreement described therein is void and may not be enforced against Debtor.

## BACKGROUND

Debtor and Applicant are parties to a "flat fee" agreement (the "Agreement"). [Application at 5–10.] As of the Petition Date, Debtor owed the Applicant $1,647 in prepetition legal fees. [ECF No. 1 at 74.] Under the Agreement, Debtor had an option to pay such fees after the commencement of her case. To secure her promise to pay, the Agreement informed Debtor that Applicant:

> …will take a statutory attorney's lien under Minnesota Statutes § 481.13 against all of your furniture, appliances, household goods, clothing, electronics, cell phone, televisions and computing devices owned on 09/16/2022 and proceeds of these items.

[Application at 8.] The Agreement clearly explained the purpose of the attorney's lien in this case:

> It is likely that you will receive your Chapter 7 Bankruptcy discharge before your flat fee is paid off. You[r] personal liability (responsibility) for the unpaid portion of our attorney's fees will also be discharged in Chapter 7. To protect our right to receive payment for the work we have done for you, we place an attorney's lien on some of your personal property.

[Application at 6.]

There were no objections to the reasonableness of the flat rate described in the Application. The only remarkable feature of the fee agreement is that it offers Debtor the option to pay her prepetition legal fees over time, after the case has been filed, in

exchange for a lien in Debtor's personal property. [Application at 8.] Debtor exempted her personal property, and its scheduled value was less than the current exemption amount.[2] [ECF No. 1 at 18 and 21.] Even if this feature of the fee agreement was proposed and accepted in good faith by both parties, it is not enforceable under Minnesota law.

**DISCUSSION**

**I.    The Agreement does not accurately describe attorney's liens in Minnesota.**

Under Minnesota law, there are two distinct types of attorney's liens: "a cause-of-action lien and a property-interest lien." Oronoco v. Fitzpatrick Real Estate, LLC, 883 N.W.2d 592, 596 (Minn. 2016). As to these two types of attorney's liens, the statute relevantly provides:

> An attorney has a lien for compensation whether the agreement for compensation is expressed or implied (1) upon the cause of action from the time of the service of the summons in the action, or the commencement of the proceeding, and (2) upon the interest of the attorney's client in any money or property involved in or affected by any action or proceeding in which the attorney may have been employed, from the commencement of the action or proceeding, and, as against third parties, from the time of filing the notice of the lien claim, as provided in this section.

Minn. Stat. § 481.13, subd. 1(a).

Minnesota attorney's lien statute is subject to the limitations of Minnesota's Constitution and exemption statutes:

---

[2] The exemption amounts set forth in the Minnesota statute are adjusted periodically. Minn. Stat. § 550.37, subd. 4a; see also MINN. DEP'T OF COM., ADJUSTMENTS OF DOLLAR AMOUNTS https://mn.gov/commerce/industries/financial-institutions/interest-rates/dollar-amounts.jsp (last visited Dec. 2, 2022).

> [W]e must recognize that the exemption statutes promulgated in response to a constitutional mandate are to be strictly construed and any apparently conflicting legislation must be subordinated to the clear intent of those statutes.

Northwestern Nat. Bank of South St. Paul v. Kroll, 306 N.W.2d 104, 105 (Minn. 1981) (applying the homestead exemption to limit the attorney's lien statute); Christiansen Law Office, PLLC v. Olean, 916 N.W.2d. 876 (Minn. Ct. App. 2018) (same); In re Guardianship of Huesman, 381 N.W.2d 73, 77 (Minn. Ct. App. 1986) ("An attorney's lien cannot attach to exempt property."); see also Minn. Const. Art. 1 § 12 ("A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law.").

Minnesota statutes exempt certain personal property, and such exemption may not be waived:

> Subdivision 1. Exemption. The property mentioned in this section is not liable to attachment, garnishment, or sale on any final process, issued from any court.
>
> . . .
>
> Subd. 4. Personal goods. (a) All wearing apparel, one watch, utensils, and foodstuffs of the debtor and the debtor's family.
>
> (b) Household furniture, household appliances, phonographs, radio and television receivers of the debtor and the debtor's family, not exceeding $11,250 in value.
>
> (c) The debtor's aggregate interest, not exceeding $3,062.50 in value, in wedding rings or other religious or culturally recognized symbols of marriage exchanged between the debtor and spouse at the time of the marriage and in the debtor's possession.
>
> The exemption provided by this subdivision may not be waived except with regard to purchase money security interests. Except for a pawnbroker's possessory lien, a nonpurchase money security interest in the property exempt under this subdivision is void.

4

> If a debtor has property of the type which would qualify for the exemption under clause (b), of a value in excess of $11,250 an itemized list of the exempt property, together with the value of each item listed, shall be attached to the security agreement at the time a security interest is taken, and a creditor may take a nonpurchase money security interest in the excess over $11,250 by requiring the debtor to select the exemption in writing at the time the loan is made.

Minn. Stat. § 550.37, subds. 1, 4.

The "collateral" for the fee agreement in this case falls within the definition of "personal goods" under Minn. Stat. § 550.37, subd. 4, which unequivocally states that such property is "not liable to attachment" up to the exemption amount for such goods. Applicant argues that attorney's liens are excepted from the exemption statute. [ECF No. 16 at 5–7.] This Court disagrees. Minnesota Statutes § 550.37, subdivision 4, has express exceptions for pawnbroker's liens and purchase money security interests in personal property. There is no exception for attorney's liens. In fact, the statute expressly states that any other "nonpurchase money security interest in the property exempt under this subdivision is void." Id.

If the Minnesota legislature wants to permit an exception for attorney's liens against personal goods, it could do so. Minnesota's homestead exemption statute, for example, permits attorney's liens to attach to a client's homestead, if the attorney obtains a valid waiver in accordance with Minn. Stat. § 510.05. Christiansen, 916 N.W.2d at 883–84. However, there is no such exception for attorney's liens in exempt personal property in Minn. Stat. § 550.37.

## II. False and misleading statements about attorney liens violate 11 U.S.C. §§ 526(a)(2).

The Bankruptcy Code expressly regulates several aspects of attorney-client relationships in consumer bankruptcy cases. Of relevance here, Section 528(a)(1)(B)

5

requires bankruptcy attorneys to draft written fee agreements with clear and conspicuous payment terms. Moreover, Section 526(a)(2) prohibits bankruptcy attorneys from making any statements to consumer debtors that are "untrue or misleading" in such agreements. 11 U.S.C. § 526(a)(2).

The fee agreement in this case contains several untrue and misleading statements about attorney's liens in Minnesota. First, Applicant informs Debtor that he would have a valid "statutory attorney's lien under Minnesota Statutes § 481.13" in all of her "furniture, appliances, household goods, clothing, electronics, cell phone, televisions and computing devices owned on 09/16/2022 and proceeds of these items." [Application at 8.] Second, Applicant advises Debtor that such lien would permit him to lawfully pursue collection of unpaid prepetition legal fees. To that end, the agreement counsels Debtor as follows:

> It is likely that you will receive your Chapter 7 Bankruptcy discharge before your flat fee is paid off. You[r] personal liability (responsibility) for the unpaid portion of our attorney's fees will also be discharged in Chapter 7. To protect our right to receive payment for the work we have done for you, we place an attorney's lien on some of your personal property.

[Application at 6.]

> If not for this lien, then it would be against bankruptcy laws to accept payment after filing the case.

[Application at 8.]

> After filing, we will send you lien balance notices until the lien balance is paid off. . . .
>
> If, after the case is filed, you do not pay all the fees, we would be able to go into court and ask that the property subject to our lien be turned over to the county sheriff and sold to pay our remaining fees.

6

[Application at 6.]

> You will continue to receive statements showing the balance of the lien until it is paid off or you surrender the collateral.

[Application at 6.]

> If you do not pay off the lien, then Walker & Walker may repossess those items or seek replevin.

[Application at 8.]

These statements are not mere technical errors. This misinformation will likely cause a consumer debtor to waive fundamental protections such as her exemptions and the benefit of the discharge, to which she is entitled under the Bankruptcy Code and applicable non-bankruptcy law.

### III.    The Agreements are void pursuant to 11 U.S.C. § 526(c)(1).

The Code is unambiguous about the remedy for failure to comply with its requirements for attorney-client relationships and fee agreements:

> (c)(1) Any contract for bankruptcy assistance between a debt relief agency and an assisted person that does not comply with the material requirements of [section 526], section 527, or section 528 shall be void and may not be enforced by any Federal or State court or by any other person, other than such assisted person.

11 U.S.C. § 526(c)(1). Since the Agreement makes statements that are untrue and misleading, it violates material provisions of § 526(a)(2). In accordance with § 526(c)(1), the Agreement is therefore statutorily void and unenforceable by anyone except Debtor.

### CONCLUSION

The Court does not doubt the good intentions of consumer debtor attorneys who are under pressure to provide novel payment options to eager clients. But there

are risks to attorneys who comply with these demands. In some cases, novelty has rendered fee agreements void. See, e.g., In re Siegle, 639 B.R. 755 (Bankr. D. Minn. 2022). Novel fee arrangements may also implicate local rules of professional responsibility. See, e.g., In re Mahendra, 131 F.3d 750, 759 (8th Cir. 1997) (affirming sanctions where a debtor's counsel's security interest in client assets created a non-waivable conflict of interest); In re Beal, 374 N.W.2d 715, 717 (Minn. 1985) (concluding that filing an attorney's lien on exempt property violates the Minnesota Code of Professional Responsibility). For better or worse, attorneys must play the ball where it lies: Congress has not excepted unpaid prepetition legal fees from chapter 7 discharge under the Bankruptcy Code, and the Minnesota State Legislature has not created an exception to permit attorney's liens in personal goods under the Minnesota exemption statute.

Accordingly, IT IS ORDERED:

1. The Application is **DISAPPROVED.**
2. The Agreement is **VOID** and may not be enforced against Debtor.
3. Applicant remains counsel of record.

DATED: *December 2, 2022*

*/e/Kesha L. Tanabe*
_____
Kesha L. Tanabe
United States Bankruptcy Judge